1    MORGAN, LEWIS & BOCKIUS LLP
     GEORGE A. STOHNER (SBN 214508)
2    gstohner@morganlewis.com
     JASON S. MILLS (SBN 225126)
3    jmills@morganlewis.com
     ALEXANDER M. CHEMERS (SBN 263726)
4    achemers@morganlewis.com
     300 South Grand Avenue
5    Twenty-Second Floor
     Los Angeles, CA 90071-3132
6    Tel:  213.612.2500
     Fax:  213.612.2501
7
     Attorneys for Defendant M-I L.L.C.
8

9                  UNITED STATES DISTRICT COURT

10               EASTERN DISTRICT OF CALIFORNIA

11   SARMAD SYED, individually, and on          Case No. 1:12-cv-01718-AWI-MJS
     behalf of all others similarly situated;
12   ASHLEY BALFOUR, individually, and          **DEFENDANT M-I L.L.C.'S**
     on behalf of all others similarly situated,,   **ANSWER TO PLAINTIFFS'**
13                                               **COMPLAINT**
                    Plaintiffs,
14
             vs.
15
     M-I., L.L.C. a Delaware Limited
16   Liability Company, doing business as
     M-I SWACO; and DOES 1 through 10,
17   inclusive,

18                  Defendants.

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
   LOS ANGELES

DB2/ 23665248.2

DEFENDANT'S ANSWER TO COMPLAINT
1:12-CV-01718-AWI-MJS

Defendant M-I L.L.C., doing business as M-I SWACO, ("Defendant") hereby answers the Complaint of Plaintiffs Sarmad Syed and Ashley Balfour ("Plaintiffs"), according to its numbered paragraphs, as follows:

## JURISDICTION AND VENUE

1. Defendant admits that this Court has original federal question jurisdiction under 28 U.S.C. § 1331 and original diversity jurisdiction under 28 U.S.C. § 1332 (d)(2). Defendant further admits that this Court has supplemental jurisdiction over Plaintiffs' state law claims. Defendant states that the remaining allegations of this paragraph are conclusions of law and legal argument to which no response is required.

2. Defendant admits that venue is proper in this district and that it has engaged in commercial activities in the vicinity of Bakersfield, California, during the relevant period. Defendant states that the remaining allegations of this paragraph are conclusions of law and legal argument to which no response is required.

## THE PARTIES TO EACH CAUSE OF ACTION

3. Defendant admits that it employed Mr. Syed during the time period of approximately August 15, 2011 to September 19, 2011. Defendant lacks sufficient knowledge and information to form a belief as to Plaintiffs' allegation that Mr. Syed is a citizen of the State of California or resides in San Bernardino County, California. Except as expressly admitted, Defendant denies all of the allegations of this paragraph.

4. Defendant admits that it employed Mr. Balfour during the time period of approximately August 8, 2011 to November 30, 2012, and that he worked at locations in Bakersfield, California and Long Beach, California. Defendant lacks sufficient knowledge and information to form a belief as to Plaintiffs' allegation that Mr. Balfour is a citizen of the State of California or resides in Riverside

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES
DB2/ 23665248.2

County, California.  Except as expressly admitted, Defendant denies all of the allegations of this paragraph.

5.     Defendant states that the allegations of this paragraph are not factual allegations requiring a response.  To the extent a response is required, Defendant denies all of the allegations of this paragraph.

6.     Defendant admits the allegations contained within subsections (a) through (d).  Defendant further admits that it is the former employer of Plaintiffs. Defendant denies the remaining allegations of this paragraph.

7.     Defendant states that the allegations of this paragraph are conclusions of law and legal argument to which no response is required.  To the extent a response is required, Defendant denies all of the allegations of this paragraph.

8.     Defendant admits that this Court has jurisdiction over this action. Defendant states that the remaining allegations of this paragraph are conclusions of law and legal argument to which no response is required.  To the extent a response is required, Defendant denies all remaining allegations of this paragraph.

9.     Defendant states that the allegations of this paragraph are conclusions of law and legal argument to which no response is required.  To the extent a response is required, Defendant denies all of the allegations of this paragraph. Defendant further is unaware of the identities of the other alleged "Defendants" referenced in this paragraph and on that additional basis denies these allegations.

10.     Defendant admits that Plaintiffs refer to Defendant and "DOES 1-10" in their Complaint as "Defendants."

**DEFENDANTS' CONDUCT**

**A.     Background of M-I SWACO**

11.     Defendant is unable to respond to the vague allegation that M-I Drilling Fluids was a "predecessor of sorts" to M-I SWACO and, on this basis, denies the allegation.  Defendant admits the remaining allegations of this paragraph.

12.     Defendant admits the allegations of this paragraph.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23665248.2

3

DEFENDANT M-I L.L.C.'S ANSWER TO
PLAINTIFFS' COMPLAINT
1:12-CV-01718-AWI-MJS

1    13.    Defendant admits the allegations of this paragraph.

2    14.    Defendant admits the allegations of this paragraph.

3    15.    Defendant admits the allegations of this paragraph.

4    **B.    M-I SWACO's Purported "Misconduct"**

5    16.    Defendant admits that (1) Plaintiff Syed's employment with Defendant

6 was limited to a period of training to be a Drilling Fluid Specialist (also referred to

7 as "mud engineer"), (2) Plaintiff Balfour was a Drilling Fluid Specialist, (3) while

8 he was employed, Plaintiff Balfour's "shift arrangement" included a 12-hour shift

9 during which he supported drilling operations, and (4) Plaintiff Balfour was

10 scheduled to work at his respective site locations for a period of two weeks

11 followed by two weeks off.  Except as expressly admitted, Defendant denies all of

12 the allegations of this paragraph.  Defendant further denies that this action is

13 suitable for class or collective certification, or that it should proceed in any

14 representative capacity, and, on that basis, denies all allegations of this paragraph to

15 the extent they purport to address Drilling Fluid Specialists other than named

16 Plaintiffs.

17    17.    Defendant denies the allegations of this paragraph.  Defendant further

18 denies that this action is suitable for class or collective certification, or that it should

19 proceed in any representative capacity, and, on that basis, denies all allegations of

20 this paragraph to the extent they purport to address Drilling Fluid Specialists other

21 than named Plaintiffs.

22    18.    Defendant denies that any "vote" on an "alternative workweek" was

23 required under California law and, based on this, denies the allegations of

24 paragraph 18.

25    19.    Defendant admits that, among his other job responsibilities, Plaintiff

26 Balfour tested samples from drilling fluid tanks and prepared related reports.

27 Except as expressly admitted, Defendant denies all of the allegations of this

28 paragraph.  Defendant further denies that this action is suitable for class or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23665248.2

4

DEFENDANT M-I L.L.C.'S ANSWER TO
PLAINTIFFS' COMPLAINT
1:12-CV-01718-AWI-MJS

collective certification, or that it should proceed in any representative capacity, and, on that basis, denies all allegations of this paragraph to the extent they purport to address Drilling Fluid Specialists other than named Plaintiffs.

20.     Defendant denies the allegations of this paragraph.  Defendant further denies that this action is suitable for class or collective certification, or that it should proceed in any representative capacity, and, on that basis, denies all allegations of this paragraph to the extent they purport to address Drilling Fluid Specialists other than named Plaintiffs.

21.     Defendant denies the allegations of this paragraph.  Defendant further denies that this action is suitable for class or collective certification, or that it should proceed in any representative capacity, and, on that basis, denies all allegations of this paragraph to the extent they purport to address Drilling Fluid Specialists other than named Plaintiffs.

22.     Defendant admits that, as a trainee, Plaintiff Syed did not supervise other employees.  Defendant denies all remaining allegations of this paragraph.  Defendant further denies that this action is suitable for class or collective certification, or that it should proceed in any representative capacity, and, on that basis, denies all allegations of this paragraph to the extent they purport to address Drilling Fluid Specialists other than named Plaintiffs.

## FLSA COLLECTIVE ACTION ALLEGATIONS CONDUCT

23.     Defendant admits that Plaintiffs purport to bring their first cause of action under the Fair Labor Standards Act, 29 U.S.C. § 216(b), on behalf of persons holding the alleged "mud engineer" job title.

24.     Defendant denies the allegations of this paragraph.

25.     Defendant denies that this action is suitable for collective certification pursuant to 29 U. S. C. §216(b), § 16(b) and, on that basis, denies all allegations of this paragraph.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23665248.2

5

DEFENDANT M-I L.L.C.'S ANSWER TO
PLAINTIFFS' COMPLAINT
1:12-CV-01718-AWI-MJS

1     26.    Defendant lacks sufficient knowledge and information to confirm the

2 authenticity of Exhibit "A" and, on that basis, denies the allegations of this

3 paragraph.  Defendant denies all remaining allegations of this paragraph.

4    **CLASS ACTION ALLEGATIONS FOR CALIFORNIA LAW CLAIMS**

5     27.    Defendant admits that Plaintiffs purport to bring this action

6 individually as well as on behalf of a putative class.  Defendant denies that

7 Plaintiffs' claims are suitable for class certification pursuant to California Code of

8 Civil Procedure § 382.  Defendant denies all remaining allegations of this

9 paragraph.

10     28.    Defendant states that the allegations of this paragraph are conclusions

11 of law and legal argument to which no response is required.

12     29.    Defendant admits that Plaintiffs purport to represent a proposed class

13 as defined in this paragraph.  Defendant denies that the proposed class is suitable

14 for class treatment.

15     30.    Defendant states that this paragraph does not set forth any factual

16 allegations to which a response is required.  To the extent a response is required,

17 Defendant denies the allegations of this paragraph.

18     31.    Defendant denies that the proposed class is suitable for class treatment

19 and, on that basis, denies the allegations of this paragraph.

20     32.    Defendant states that the allegations of this paragraph, including its

21 sub sections, are conclusions of law and legal argument to which no response is

22 required.   To the extent a response is required, Defendant denies that the proposed

23 class is suitable for class treatment and, on that basis, denies the allegations of this

24 paragraph, including all sub sections.  Defendant further specifically denies that the

25 proposed class satisfies the required elements of numerosity, typicality, adequacy,

26 and superiority, or that public policy considerations are furthered by certifying a

27 class.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23665248.2

1  33.  Defendant states that the allegations of this paragraph are conclusions

2  of law and legal argument to which no response is required.  To the extent a

3  response is required, Defendant denies the allegations of this paragraph, including

4  all sub sections.

5  34.  Defendant states that the allegations of this paragraph are conclusions

6  of law and legal argument to which no response is required.  To the extent a

7  response is required, Defendant denies the allegations of this paragraph, including

8  all sub sections.

9  35.  Defendant states that this paragraph does not set forth any factual

10  allegations to which a response is required.  To the extent a response is required,

11  Defendant denies the allegations of this paragraph.

12  **FIRST CAUSE OF ACTION**

13  **Violation of the Fair Labor Standards Act**

14  **(By the Plaintiffs and Against all Defendants)**

15  36.  Defendant hereby incorporates by reference its responses to all

16  previous allegations.

17  37.  Defendant states that the allegations of this paragraph are conclusions

18  of law and legal argument to which no response is required.  To the extent a

19  response is required, Defendant denies the allegations of this paragraph.

20  38.  Defendant admits that it is an "employer" as that term is defined by 29

21  U. S. C. § 203, that it previously employed Plaintiffs, and that its annual gross

22  operating revenues have exceeded $500,000 for the relevant time period.

23  Defendant denies all remaining allegations of this paragraph.

24  39.  Defendant denies the allegations of this paragraph.  Defendant further

25  denies that this action is suitable for class or collective certification, or that it should

26  proceed in any representative capacity, and, on that basis, denies all allegations of

27  this paragraph to the extent they purport to address Drilling Fluid Specialists other

28  than named Plaintiffs.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23665248.2

7

DEFENDANT M-I L.L.C.'S ANSWER TO
PLAINTIFFS' COMPLAINT
1:12-CV-01718-AWI-MJS

1    40.    Defendant denies the allegations of this paragraph.

2    41.    Defendant denies the allegations of this paragraph.

3    42.    Defendant denies the allegations of this paragraph.

4    43.    Defendant denies the allegations of this paragraph.

5    44.    Defendant states that this paragraph does not set forth any factual

6    allegations to which a response is required.  To the extent a response is required,

7    Defendant denies the allegations of this paragraph.

8    ## SECOND CAUSE OF ACTION

9    **Failure to pay minimum wages**

10   **(By the Plaintiffs and Class and Against all Defendants)**

11   45.    Defendant hereby incorporates by reference its responses to all

12   previous allegations.

13   46.    Defendant states that the allegations of this paragraph are conclusions

14   of law and legal argument to which no response is required.  To the extent a

15   response is required, Defendant denies the allegations of this paragraph.

16   47.    Defendant denies the allegations of this paragraph.

17   48.    Defendant states that the allegations of this paragraph are conclusions

18   of law and legal argument to which no response is required.  To the extent a

19   response is required, Defendant denies the allegations of this paragraph.

20   49.    Defendant denies the allegations of this paragraph.

21   50.    Defendant denies the allegations of this paragraph.

22   51.    Defendant states that the allegations of this paragraph are conclusions

23   of law and legal argument to which no response is required.  To the extent a

24   response is required, Defendant denies the allegations of this paragraph.

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23665248.2

8

DEFENDANT M-I L.L.C.'S ANSWER TO
PLAINTIFFS' COMPLAINT
1:12-CV-01718-AWI-MJS

# **THIRD CAUSE OF ACTION**

## **Violation of Cal. Lab. Code §§ 510, 515.5, 1194 and 1998**

### **(By the Plaintiffs and Class and Against all Defendants)**

52.     Defendant hereby incorporates by reference its responses to all previous allegations.

53.     Defendant states that this paragraph does not set forth any factual allegations to which a response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph.

54.     Defendant states that the allegations of this paragraph are conclusions of law and legal argument to which no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph.

55.     Defendant states that the allegations of this paragraph are conclusions of law and legal argument to which no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph.

56.     Defendant admits that Plaintiff Balfour has worked more than eight (8) hours in a single workday.  Defendant denies all remaining allegations of this paragraph.  Defendant further denies that this action is suitable for class or collective certification, or that it should proceed in any representative capacity, and, on that basis, denies all allegations of this paragraph to the extent they purport to address Drilling Fluid Specialists other than named Plaintiffs.

57.     Defendant denies the allegations of this paragraph.

58.     Defendant denies the allegations of this paragraph.

59.     Defendant states that the allegations of this paragraph are conclusions of law and legal argument to which no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23665248.2

9

DEFENDANT M-I L.L.C.'S ANSWER TO
PLAINTIFFS' COMPLAINT
1:12-CV-01718-AWI-MJS

## **FOURTH CAUSE OF ACTION**

### **Violation of California Labor Code §§ 226.7 and 512(a)**

### **(By the Plaintiffs and Class and Against all Defendants)**

60.     Defendant hereby incorporates by reference its responses to all previous allegations.

61.     Defendant states that the allegations of this paragraph are conclusions of law and legal argument to which no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph.

62.     Defendant states that the allegations of this paragraph are conclusions of law and legal argument to which no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph.

63.     Defendant states that the allegations of this paragraph are conclusions of law and legal argument to which no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph.

64.     Defendant states that the allegations of this paragraph are conclusions of law and legal argument to which no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph.

65.     Defendant denies the allegations of this paragraph.

66.     Defendant denies the allegations of this paragraph.

67.     Defendant denies the allegations of this paragraph.

68.     Defendant denies the allegations of this paragraph.

69.     Defendant denies the allegations of this paragraph.

70.     Defendant denies the allegations of this paragraph.

71.     Defendant states that the allegations of this paragraph are conclusions of law and legal argument to which no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23665248.2

10

DEFENDANT M-I L.L.C.'S ANSWER TO
PLAINTIFFS' COMPLAINT
1:12-CV-01718-AWI-MJS

**FIFTH CAUSE OF ACTION**

**Violation of the California Labor Code § 226.7**

**(By Plaintiffs and Class Against all Defendants)**

72.     Defendant hereby incorporates by reference its responses to all previous allegations.

73.     Defendant states that the allegations of this paragraph are conclusions of law and legal argument to which no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph.

74.     Defendant states that the allegations of this paragraph are conclusions of law and legal argument to which no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph.

75.     Defendant denies the allegations of this paragraph.

76.     Defendant denies the allegations of this paragraph.

77.     Defendant denies the allegations of this paragraph.

78.     Defendant states that the allegations of this paragraph are conclusions of law and legal argument to which no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph.

**SIXTH CAUSE OF ACTION**

**Violation of the California Labor Code § 226(a)**

**(By the Plaintiffs and Class and Against all Defendants)**

79.     Defendant hereby incorporates by reference its responses to all previous allegations.

80.     Defendant states that the allegations of this paragraph are conclusions of law and legal argument to which no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph.

81.     Defendant denies the allegations of this paragraph.

82.     Defendant denies the allegations of this paragraph.

83.     Defendant denies the allegations of this paragraph.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23665248.2

11

DEFENDANT M-I L.L.C.'S ANSWER TO
PLAINTIFFS' COMPLAINT
1:12-CV-01718-AWI-MJS

1    84.    Defendant denies the allegations of this paragraph.

2    85.    Defendant states that the allegations of this paragraph are conclusions
3    of law and legal argument to which no response is required.  To the extent a
4    response is required, Defendant denies the allegations of this paragraph.

5    86.    Defendant states that the allegations of this paragraph are conclusions
6    of law and legal argument to which no response is required.  To the extent a
7    response is required, Defendant denies the allegations of this paragraph.

8                    **SEVENTH CAUSE OF ACTION**

9              **Violation of California Labor Code §§ 201-203**

10   **(By Plaintiff Syed and the sub-Class of Former Employees and Against all**
11                            **Defendants)**

12   87.    Defendant hereby incorporates by reference its responses to all
13   previous allegations.

14   88.    Defendant states that the allegations of this paragraph are conclusions
15   of law and legal argument to which no response is required.  To the extent a
16   response is required, Defendant denies the allegations of this paragraph.

17   89.    Defendant denies the allegations of this paragraph.

18   90.    Defendant denies the allegations of this paragraph.

19   91.    Defendant states that the allegations of this paragraph are conclusions
20   of law and legal argument to which no response is required.  To the extent a
21   response is required, Defendant denies the allegations of this paragraph.

22   92.    Defendant states that the allegations of this paragraph are conclusions
23   of law and legal argument to which no response is required.  To the extent a
24   response is required, Defendant denies the allegations of this paragraph.

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23665248.2

12

DEFENDANT M-I L.L.C.'S ANSWER TO
PLAINTIFFS' COMPLAINT
1:12-CV-01718-AWI-MJS

**EIGHTH CAUSE OF ACTION**

**Violation of California Business & Professions Code § 17200, et seq.**

**(By the Plaintiffs and Class and Against all Defendants)**

93.     Defendant hereby incorporates by reference its responses to all previous allegations and denies any alleged "unlawful" conduct contained therein.

94.     Defendant states that the allegations of this paragraph are conclusions of law and legal argument to which no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph.

95.     Defendant states that the allegations of this paragraph are conclusions of law and legal argument to which no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph.

96.     Defendant denies the allegations of this paragraph.

97.     Defendant denies the allegations of this paragraph.

98.     Defendant states that the allegation of this paragraph regarding the predicates for a Business & Professions Code § 17200 claim are conclusions of law and legal argument to which no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph.  Defendant denies the remaining allegations of this paragraph.

**Failing to Pay Wages**

99.     Defendant denies the allegations of this paragraph.

**Failing to Pay Overtime**

100.    Defendant denies the allegations of this paragraph.

**Violation of the FLSA**

101.    Defendant denies the allegations of this paragraph.

**Failing to Provide Meal Periods**

102.    Defendant denies the allegations of this paragraph.

**Failing to Provide Rest Periods**

103.    Defendant denies the allegations of this paragraph.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

DB2/ 23665248.2

13

DEFENDANT M-I L.L.C.'S ANSWER TO
PLAINTIFFS' COMPLAINT
1:12-CV-01718-AWI-MJS

**Failing to Timely Pay Wages Upon Termination**

104. Defendant denies the allegations of this paragraph.

**Failing to Provide Accurate Itemized Wage Statements**

105. Defendant denies the allegations of this paragraph.

106. Defendant denies the allegations of this paragraph.

107. Defendant denies the allegations of this paragraph.

108. Defendant denies the allegations of this paragraph.

109. Defendant states that the allegation of this paragraph regarding whether Plaintiffs and the members of the proposed class are required to have individual knowledge of the alleged unfair practices is a conclusion of law and legal argument to which no response is required. To the extent a response is required, Defendant denies these allegations. Defendant denies the remaining allegations of this paragraph.

110. Defendant denies the allegations of this paragraph.

111. Defendant denies the allegations of this paragraph.

112. Defendant denies the allegations of this paragraph.

## NINTH CLAIM FOR RELIEF

**PENALTIES FOR VIOLATION OF CAL. LAB. CODE § 2699 ET SEQ.**

**(By Aggrieved Employees Against all Defendants)**

113. Defendant hereby incorporates by reference its responses to all previous allegations.

114. Defendant states that the allegations of this paragraph are conclusions of law and legal argument to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

115. Defendant states that the allegations of this paragraph are conclusions of law and legal argument to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23665248.2

14

DEFENDANT M-I L.L.C.'S ANSWER TO
PLAINTIFFS' COMPLAINT
1:12-CV-01718-AWI-MJS

1    116.   Defendant states that the allegations of this paragraph are conclusions
2    of law and legal argument to which no response is required.  To the extent a
3    response is required, Defendant denies the allegations of this paragraph.

4    117.   Defendant states that the allegations of this paragraph are conclusions
5    of law and legal argument to which no response is required.  To the extent a
6    response is required, Defendant denies the allegations of this paragraph.

7    118.   Defendant states that the allegations of this paragraph, and all sub
8    sections contained therein, are conclusions of law and legal argument to which no
9    response is required.  To the extent a response is required, Defendant denies the
10   allegations of this paragraph and all sub sections contained therein.

11   119.   Defendant states that the allegations of this paragraph are conclusions
12   of law and legal argument to which no response is required.  To the extent a
13   response is required, Defendant denies the allegations of this paragraph.

14   120.   Defendant states that the allegations of this paragraph are conclusions
15   of law and legal argument to which no response is required.  To the extent a
16   response is required, Defendant denies the allegations of this paragraph.

17   **PRAYER FOR RELIEF**

18   Class Certification

19   1.     Defendant states that the prayer for relief contained within this section
20   does not contain factual assertions requiring a response.  To the extent a response is
21   required, Defendant denies that this action is suitable for class certification.

22   2.     Defendant states that the prayer for relief contained within this section
23   does not contain factual assertions requiring a response.  To the extent a response is
24   required, Defendant denies the allegations of this paragraph.

25   3.     Defendant states that the prayer for relief contained within this section
26   does not contain factual assertions requiring a response.  To the extent a response is
27   required, Defendant denies the allegations of this paragraph.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23665248.2

15

DEFENDANT M-I L.L.C.'S ANSWER TO
PLAINTIFFS' COMPLAINT
1:12-CV-01718-AWI-MJS

1 <u>As to the First Cause of Action</u>

2      4.      Defendant states that the prayer for relief contained within this section

3 does not contain factual assertions requiring a response.  To the extent a response is

4 required, Defendant denies that this action is suitable for collective certification.

5      5.      Defendant states that the prayer for relief contained within this section

6 does not contain factual assertions requiring a response.  To the extent a response is

7 required, Defendant denies the allegations of this paragraph.

8      6.      Defendant states that the prayer for relief contained within this section

9 does not contain factual assertions requiring a response.  To the extent a response is

10 required, Defendant denies the allegations of this paragraph.

11      7.      Defendant states that the prayer for relief contained within this section

12 does not contain factual assertions requiring a response.  To the extent a response is

13 required, Defendant denies the allegations of this paragraph.

14      8.      Defendant states that the prayer for relief contained within this section

15 does not contain factual assertions requiring a response.  To the extent a response is

16 required, Defendant denies the allegations of this paragraph.

17      9.      Defendant states that the prayer for relief contained within this section

18 does not contain factual assertions requiring a response.  To the extent a response is

19 required, Defendant denies the allegations of this paragraph.

20      10.     Defendant states that the prayer for relief contained within this section

21 does not contain factual assertions requiring a response.  To the extent a response is

22 required, Defendant denies the allegations of this paragraph.

23 <u>As to the Second Cause of Action</u>

24      11.     Defendant states that the prayer for relief contained within this section

25 does not contain factual assertions requiring a response.  To the extent a response is

26 required, Defendant denies the allegations of this paragraph.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23665248.2

16

DEFENDANT M-I L.L.C.'S ANSWER TO
PLAINTIFFS' COMPLAINT
1:12-CV-01718-AWI-MJS

12.    Defendant states that the prayer for relief contained within this section does not contain factual assertions requiring a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

13.    Defendant states that the prayer for relief contained within this section does not contain factual assertions requiring a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

14.    Defendant states that the prayer for relief contained within this section does not contain factual assertions requiring a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

15.    Defendant states that the prayer for relief contained within this section does not contain factual assertions requiring a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

16.    Defendant states that the prayer for relief contained within this section does not contain factual assertions requiring a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

<u>As to the Third Cause of Action</u>

17.    Defendant states that the prayer for relief contained within this section does not contain factual assertions requiring a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

18.    Defendant states that the prayer for relief contained within this section does not contain factual assertions requiring a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

19.    Defendant states that the prayer for relief contained within this section does not contain factual assertions requiring a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

20.    Defendant states that the prayer for relief contained within this section does not contain factual assertions requiring a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23665248.2

17

DEFENDANT M-I L.L.C.'S ANSWER TO
PLAINTIFFS' COMPLAINT
1:12-CV-01718-AWI-MJS

1      21.    Defendant states that the prayer for relief contained within this section

2   does not contain factual assertions requiring a response.  To the extent a response is

3   required, Defendant denies the allegations of this paragraph.

4                          As to the Fourth Cause of Action

5      22.    Defendant states that the prayer for relief contained within this section

6   does not contain factual assertions requiring a response.  To the extent a response is

7   required, Defendant denies the allegations of this paragraph.

8      23.    Defendant states that the prayer for relief contained within this section

9   does not contain factual assertions requiring a response.  To the extent a response is

10  required, Defendant denies the allegations of this paragraph.

11     24.    Defendant states that the prayer for relief contained within this section

12  does not contain factual assertions requiring a response.  To the extent a response is

13  required, Defendant denies the allegations of this paragraph.

14     25.    Defendant states that the prayer for relief contained within this section

15  does not contain factual assertions requiring a response.  To the extent a response is

16  required, Defendant denies the allegations of this paragraph.

17     26.    Defendant states that the prayer for relief contained within this section

18  does not contain factual assertions requiring a response.  To the extent a response is

19  required, Defendant denies the allegations of this paragraph.

20     27.    Defendant states that the prayer for relief contained within this section

21  does not contain factual assertions requiring a response.  To the extent a response is

22  required, Defendant denies the allegations of this paragraph.

23                          As to the Fifth Cause of Action

24     28.    Defendant states that the prayer for relief contained within this section

25  does not contain factual assertions requiring a response.  To the extent a response is

26  required, Defendant denies the allegations of this paragraph.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23665248.2

18

DEFENDANT M-I L.L.C.'S ANSWER TO
PLAINTIFFS' COMPLAINT
1:12-CV-01718-AWI-MJS

29.     Defendant states that the prayer for relief contained within this section does not contain factual assertions requiring a response. To the extent a response is required, Defendant denies the allegations of this paragraph.

30.     Defendant states that the prayer for relief contained within this section does not contain factual assertions requiring a response. To the extent a response is required, Defendant denies the allegations of this paragraph.

31.     Defendant states that the prayer for relief contained within this section does not contain factual assertions requiring a response. To the extent a response is required, Defendant denies the allegations of this paragraph.

32.     Defendant states that the prayer for relief contained within this section does not contain factual assertions requiring a response. To the extent a response is required, Defendant denies the allegations of this paragraph.

33.     Defendant states that the prayer for relief contained within this section does not contain factual assertions requiring a response. To the extent a response is required, Defendant denies the allegations of this paragraph.

<u>As to the Sixth Cause of Action</u>

34.     Defendant states that the prayer for relief contained within this section does not contain factual assertions requiring a response. To the extent a response is required, Defendant denies the allegations of this paragraph.

35.     Defendant states that the prayer for relief contained within this section does not contain factual assertions requiring a response. To the extent a response is required, Defendant denies the allegations of this paragraph.

36.     Defendant states that the prayer for relief contained within this section does not contain factual assertions requiring a response. To the extent a response is required, Defendant denies the allegations of this paragraph.

37.     Defendant states that the prayer for relief contained within this section does not contain factual assertions requiring a response. To the extent a response is required, Defendant denies the allegations of this paragraph.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23665248.2

19

DEFENDANT M-I L.L.C.'S ANSWER TO
PLAINTIFFS' COMPLAINT
1:12-CV-01718-AWI-MJS

1    38.    Defendant states that the prayer for relief contained within this section
2 does not contain factual assertions requiring a response.  To the extent a response is
3 required, Defendant denies the allegations of this paragraph.

4 As to the Seventh Cause of Action

5    39.    Defendant states that the prayer for relief contained within this section
6 does not contain factual assertions requiring a response.  To the extent a response is
7 required, Defendant denies the allegations of this paragraph.

8    40.    Defendant states that the prayer for relief contained within this section
9 does not contain factual assertions requiring a response.  To the extent a response is
10 required, Defendant denies the allegations of this paragraph.

11    41.    Defendant states that the prayer for relief contained within this section
12 does not contain factual assertions requiring a response.  To the extent a response is
13 required, Defendant denies the allegations of this paragraph.

14    42.    Defendant states that the prayer for relief contained within this section
15 does not contain factual assertions requiring a response.  To the extent a response is
16 required, Defendant denies the allegations of this paragraph.

17    43.    Defendant states that the prayer for relief contained within this section
18 does not contain factual assertions requiring a response.  To the extent a response is
19 required, Defendant denies the allegations of this paragraph.

20 As to the Eighth Cause of Action

21    44.    Defendant states that the prayer for relief contained within this section
22 does not contain factual assertions requiring a response.  To the extent a response is
23 required, Defendant denies the allegations of this paragraph.

24    45.    Defendant states that the prayer for relief contained within this section
25 does not contain factual assertions requiring a response.  To the extent a response is
26 required, Defendant denies the allegations of this paragraph.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23665248.2

20

DEFENDANT M-I L.L.C.'S ANSWER TO
PLAINTIFFS' COMPLAINT
1:12-CV-01718-AWI-MJS

46.     Defendant states that the prayer for relief contained within this section does not contain factual assertions requiring a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

47.     Defendant states that the prayer for relief contained within this section does not contain factual assertions requiring a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

48.     Defendant states that the prayer for relief contained within this section does not contain factual assertions requiring a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

49.     Defendant states that the prayer for relief contained within this section does not contain factual assertions requiring a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

<u>As to the Ninth Cause of Action</u>

50.     Defendant states that the prayer for relief contained within this section does not contain factual assertions requiring a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

51.     Defendant states that the prayer for relief contained within this section does not contain factual assertions requiring a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

52.     Defendant states that the prayer for relief contained within this section does not contain factual assertions requiring a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

53.     Defendant states that the prayer for relief contained within this section does not contain factual assertions requiring a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23665248.2

21

DEFENDANT M-I L.L.C.'S ANSWER TO
PLAINTIFFS' COMPLAINT
1:12-CV-01718-AWI-MJS

## DEFENSES

Defendant asserts the following affirmative defenses and prays for judgment as set forth below.

### FIRST DEFENSE

### (Failure to State a Cause of Action)

1.  The Complaint and each alleged cause of action fails to state a claim upon which relief can be granted against Defendant.

### SECOND DEFENSE

### (Statute of Limitations)

2.  Plaintiffs' claims and the claims of each putative member of the purported class, collective, and representative action defined in the Complaint, or some of them, are barred in whole or part by the applicable statute(s) of limitations, including but not limited to the two-year statute of limitations under the FLSA, California Code of Civil Procedure sections 338, 339 and 340, Labor Code section 203, and California Business & Professions Code section 17208.

### THIRD DEFENSE

### (Failure to Exhaust Internal and Administrative Remedies)

3.  The claims of Plaintiffs and of each alleged class, collective, and representative action member are barred to the extent that they failed to exhaust their internal and/or administrative remedies.

### FOURTH DEFENSE

### (Failure to Exhaust Administrative Prerequisites)

4.  The claims of Plaintiffs and of each alleged aggrieved employee are barred to the extent that they failed to exhaust the administrative prerequisites of the Labor Code Private Attorneys General Act.

### FIFTH DEFENSE

### (Lack of Standing – Class and Collective Action)

5.  The named Plaintiffs lack standing and cannot represent the interests

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

22

DEFENDANT M-I L.L.C.'S ANSWER TO
PLAINTIFFS' COMPLAINT
1:12-CV-01718-AWI-MJS

DB2/ 23665248.2

of the other alleged class, collective, or representative action members as to some or all of the purported claims.

## SIXTH DEFENSE

### (Failure to Mitigate)

6. Plaintiffs' monetary claims, and the claims of the alleged members of the purported class, collective, and representative action, are barred, in whole or in part, because they have not appropriately nor adequately mitigated their alleged damages, if any.

## SEVENTH DEFENSE

### (Due Process/Class Certification)

7. Certification of a class action, or permitting this action to proceed as a representative action, would be an unconstitutional denial of Defendant's right to due process under the Fourteenth Amendment to the United States Constitution and the California Constitution.

## EIGHTH DEFENSE

### (Laches)

8. Plaintiffs' claims and the claims of the putative members of the purported class, collective, and representative action, or some of them, are barred in whole or in part by the doctrine of laches.

## NINTH DEFENSE

### (Estoppel)

9. Plaintiffs' claims and the claims of each putative member of the purported class, collective, and representative action defined in the Complaint, or some of them, are barred in whole or in part by the doctrine of estoppel.

## TENTH DEFENSE

### (Adequate Remedy At Law)

10. Plaintiffs' claims and those of the putative members of the purported class defined in the Complaint brought pursuant to California Business and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23665248.2

23

DEFENDANT M-I L.L.C.'S ANSWER TO
PLAINTIFFS' COMPLAINT
1:12-CV-01718-AWI-MJS

Professions Code § 17200 are barred in light of the fact that Plaintiffs and the purported class members have an adequate remedy at law.

## ELEVENTH DEFENSE

### (Waiver of Claims)

11.    Plaintiffs' claims and the claims of each putative member of the purported class, collective, and representative action defined in the Complaint, or some of them, are barred in whole or in part because such claims have been waived, discharged and/or abandoned.

## TWELFTH DEFENSE

### (Setoff and Recoupment)

12.    If any damages have been sustained by Plaintiffs and/or any alleged collective, class, or representative action member they purport to represent, although such is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations of Plaintiffs or alleged class, collective, or representative action members owed to Defendant against any judgment that may be entered against Defendant.

## THIRTEENTH DEFENSE

### (Avoidable Consequences)

13.    The claims of Plaintiffs and certain members of the purported class, collective, and representative action are barred in whole or in part by the doctrine of avoidable consequences.

## FOURTEENTH DEFENSE

### (No Joinder of Plaintiffs' Claims)

14.    Plaintiffs' claims cannot be properly joined with the claims of any potential opt-ins.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23665248.2

24

DEFENDANT M-I L.L.C.'S ANSWER TO
PLAINTIFFS' COMPLAINT
1:12-CV-01718-AWI-MJS

## FIFTEENTH DEFENSE
### (No Waiting Time Penalties)

15.    The Complaint fails to state a claim for waiting time penalties under Labor Code Section 203 to the extent that no such penalties can continue after the commencement of an action for the penalties.

## SIXTEENTH DEFENSE
### (Excessive Fine)

16.    An award of penalties against Defendant under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States and California Constitutions.

## SEVENTEENTH DEFENSE
### (Exempt Status)

17.    Plaintiffs and the putative members of the purported class, collective, and representative action defined in the Complaint were exempt from the California and federal wage and hour laws alleged in the Complaint by virtue of one or more exemptions, including, but not limited to, the "administrative" exemption, the "executive" exemption, the "professional" exemption, the "highly compensated employee" exemption, and/or the "combination" exemption.

## EIGHTEENTH DEFENSE
### (Conflict of Interests)

18.    Certain of the interests of the proposed class, collective, and representative action members are in conflict with the interests of other proposed class, collective, or representative action members that Plaintiffs purport to represent, the existence of which is expressly denied.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23665248.2

DEFENDANT M-I L.L.C.'S ANSWER TO
PLAINTIFFS' COMPLAINT
1:12-CV-01718-AWI-MJS

1

## NINETEENTH DEFENSE

2

### (No Entitlement to Jury Trial—Certain Claims)

3       19.     Plaintiffs are not entitled to a trial by jury of certain of their claims,

4   including their claim under the California Business and Professions Code §§ 17200,

5   *et seq.*

6

## TWENTIETH DEFENSE

7

### (Unclean Hands)

8       20.     Plaintiffs' claims and the claims of the putative members of the

9   purported class or representative action, or some of them, are barred in whole or in

10  part by their unclean hands and/or inequitable or wrongful conduct.

11

## TWENTY-FIRST DEFENSE

12

### (Uncertainty)

13      21.     The claims of Plaintiffs and putative members of the purported class,

14  collective, and representative action are barred in whole or in part, because the

15  Complaint is uncertain in that the purported class, collective action, and

16  representative action definitions are ambiguous and conclusory.

17

## TWENTY-SECOND DEFENSE

18

### (Release)

19      22.     To the extent that Plaintiffs or any purported class, collective, or

20  representative action member entered into any individual settlement agreement with

21  Defendant, any such individual has released some or all of the claims alleged in the

22  Complaint.

23

## TWENTY-THIRD DEFENSE

24

### (Accord and Satisfaction)

25      23.     The claims of some of the putative members of the purported class,

26  collective, and representative action defined in the Complaint are barred in whole or in

27  part by the principles of accord and satisfaction, and payment.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23665248.2

26

DEFENDANT M-I L.L.C.'S ANSWER TO
PLAINTIFFS' COMPLAINT
1:12-CV-01718-AWI-MJS

## TWENTY-FOURTH DEFENSE

### (Rules Enabling Act)

24.     The Complaint violates the Rules Enabling Act because it seeks to abridge the substantive rights conferred by Section 216(b) of the Fair Labor Standards Act.

## TWENTY-FIFTH DEFENSE

### (Exclusions, Exceptions, Credits or Offsets)

25.     Plaintiffs' claims and the claims of the alleged collective action members are barred in whole or in part by exclusions, exceptions, credits or offsets permissible under the FLSA.

## TWENTY-SIXTH DEFENSE

### (Other Opt-Ins)

26.     Although Plaintiffs are not similarly situated to other alleged collective action members, should other individuals opt into this case, Defendant asserts the separate defenses set forth herein as to those persons.

## TWENTY-SEVENTH DEFENSE

### (Good Faith)

27.     If Defendant is found to have failed to pay Plaintiffs and/or any alleged class member any wages due, which Defendant denies, there is a good faith dispute that any wages are due, which precludes the imposition of waiting time penalties under Labor Code section 203.

## TWENTY-EIGHTH DEFENSE

### (No Willful Violation of FLSA)

28.     Plaintiffs are not entitled to rely on a three-year statute of limitations or recover any liquidated damages as prayed for in the Complaint under the FLSA because Defendant did not willfully fail to pay overtime wages and classified them and other alleged members of the purported collective action in "good faith."

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23665248.2

27

DEFENDANT M-I L.L.C.'S ANSWER TO
PLAINTIFFS' COMPLAINT
1:12-CV-01718-AWI-MJS

**TWENTY-NINTH DEFENSE**

**(Not Competent)**

29.     The Complaint fails, to the extent it asserts a representative action, because it is not brought by competent Plaintiffs for the benefit of injured parties.

**THIRTIETH DEFENSE**

**(Potential for Harm)**

30.     The Complaint fails, to the extent it asserts a representative action, because of the potential for harm, including, but not limited to, the infringement of Defendant's and nonparties' constitutional rights to due process under the Fourteenth Amendment to the United States Constitution and the California Constitution.

**THIRTY-FIRST DEFENSE**

**(Lack Of Control And Manageability)**

31.     The Complaint fails, to the extent it asserts a representative action, because a representative action would lack control and manageability.

**RESERVATION OF RIGHTS**

Defendant reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation.

WHEREFORE, Defendant prays for judgment that:

a.      The Court deny Plaintiffs' request to certify this action as a class or collective action;

b.      Plaintiffs take nothing by reason of the Complaint on file herein, and that said Complaint be dismissed with prejudice;

c.      Judgment be entered in favor of Defendant and against Plaintiffs on all causes of action;

d.      Defendant be awarded its reasonable costs and attorneys fees incurred, including but not limited to, under Section 218.5 of the Labor Code; and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

28

DB2/ 23665248.2

DEFENDANT M-I L.L.C.'S ANSWER TO
PLAINTIFFS' COMPLAINT
1:12-CV-01718-AWI-MJS

1       e.    Grant such other and further relief as the Court may deem just and

2   proper.

3

4   Dated:    December 7, 2012    MORGAN, LEWIS & BOCKIUS LLP
    GEORGE A. STOHNER

5       JASON S. MILLS
    ALEXANDER M. CHEMERS

6

7

8       By    /s/ Alexander M. Chemers
    ALEXANDER M. CHEMERS

9       Attorneys for Defendant
    M.I. L.L.C.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23665248.2

29

DEFENDANT M-I L.L.C.'S ANSWER TO
PLAINTIFFS' COMPLAINT
1:12-CV-01718-AWI-MJS