# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARMAD SYED and ASHLEY BALFOUR, individually, and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>M-I, L.L.C., a Delaware Limited Liability Company, doing business as M-I SWACO, and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | No.  1:12-cv-01718-DAD-MJS<br><br>ORDER SETTING CALENDAR DATES FOR A SETTLEMENT IMPLEMENTATION SCHEDULE<br><br>(Doc. No. 85) |

　　　　On February 22, 2017, the court granted plaintiffs' motion for preliminary approval of class action settlement.  (Doc. No. 84.)  In that order, the court directed plaintiffs' counsel "to submit a proposed order for the court's consideration setting calendar dates for a settlement implementation schedule now that this order has issued." (*Id*. at 24.)  On February 27, 2017, plaintiffs' counsel filed with the court a proposed order setting calendar dates for the settlement implementation schedule.  (Doc. No. 85.)  Accordingly, the court sets the following deadlines and implementation schedule:

　　1) Within fourteen (14) business days after entry of the order granting preliminary approval of the settlement, no later than March 14, 2017, defendant M-I., LLC d/b/a M-I Swaco shall deliver the class list to the settlement administrator.

2) Within fifteen (15) business days after receipt of the class list from defendant, no later than April 4, 2017, the settlement administrator will mail the notice of class action settlement, employment information sheet, notice of change of address form, and pre-printed return envelope ("Notice Packets") to all identified class members via first-class regular U.S. Mail.

3) California Rule 23 class members will have forty-five (45) calendar days from the initial mailing of the Notice Packet, no later than May 19, 2017 to postmark and return to the settlement administrator a valid and timely request for exclusion from the settlement. (Having opted into and consented to being a part of this litigation, FLSA class members do not have the option to request exclusion from the settlement.)

4) Any California Rule 23 class member who has not opted out of the class, and all FLSA class members who claim the settlement is not adequate, fair or reasonable, and wishes to object to the settlement, will have forty-five (45) calendar days from the initial mailing of the Notice Packet, no later than May 19, 2017 to file written objections with the court and to serve on counsel for plaintiffs and counsel for defendant postmarked by May 19, 2017.

5) Those class members who submit valid and timely objections to the settlement may appear at the final approval hearing either in person or through the objector's own counsel, provided the objector has notified class counsel and defendant's counsel of his or her intention to appear at the final approval hearing on or before May 19, 2017, the time he or she submits the written notice of objection.

6) If a class member disputes the number of work weeks or dates of employment shown in the employment information sheet, the class member must indicate the correct dates of employment and/or correct number of work weeks, and any information or documentation which supports their belief, and must date, sign and timely postmark the dispute no later than May 19, 2017, (forty-five (45) days after the administrator initially mails the Notice Packet).

7) The court has set July 6, 2017 at 9:30 a.m. for the hearing on the motion for order granting final approval of class action settlement and entering judgment ("Motion); the motion,

which shall include a request for class counsel's attorneys' fees and reimbursement of litigation costs, the plaintiff/class representatives service payment, and administration expenses, must be filed 28 calendar days prior to the hearing, on or before June 8, 2017.

IT IS SO ORDERED.

Dated: __**February 27, 2017**__       _/s/ Dale A. Drozd_
                                     UNITED STATES DISTRICT JUDGE